IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BERNARD E. SMITH,**

        Petitioner,

v.                                                    Civil Action No. 2:07cv20
                                                         (Judge Maxwell)

**JOE D. DRIVER, Warden,**

        Respondent.

## **OPINION/REPORT AND RECOMMENDATION**

On March 3, 2007, the *pro se* petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for writ of assistance. In the petition and motion for assistance, the petitioner asserts that the Parole Commission has unfairly denied him parole release and seeks his release to parole.

The petitioner was granted permission to proceed as a pauper on March 16, 2007. Thereafter, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Consequently, the respondent was directed to show cause why the petition should not be granted.

On May 14, 2007, the respondent filed a response to the petition in which he argues that because the petitioner challenges only the Commission's ultimate decision to deny parole, without asserting any constitutional violation or defect in the proceedings, the petitioner's claim is not reviewable by this Court and the petition should be denied.

Prior to the respondent's response being filed, the petitioner filed a motion to amend his petition. Because no responsive pleading had been filed at that time, on November 15, 2007, the

Court granted the petitioner's motion as a matter of course. However, instead of filing an amended petition, the petitioner filed a request for extension of time to file his amended petition. In his motion, the petitioner asserts that he has filed a second civil action in this Court which if found in his favor, could impact the Court's decision in this case. See 1:07cv109. Therefore, the petitioner seeks an order allowing him to file his amended petition once a decision is made in that case.

Judicial review of a decision by the Parole Commission is limited. See Brown v. Lundgren, 528 F.2d 1054 (5th Cir. 1976); Billiteri v. United State Board of Parole, 541 F.2d 938 (2d Cir. 1976). "So long as there are no violations of any required due process protections and Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." Stroud v. United States Parole Commission, 668 F.2d 843, 846 (5th Cir. 1982). The District Court may review an action of the Parole Commission to determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion. Dye v. United States Parole Commission, 558 F.2d 1376, 1378 (10th Cir. 1977). An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations. Zannino v. Arnold, 531 F.2d 687, 690-691 (3d Cir. 1976).

In this case, the petitioner merely asserts that the Commission failed to appropriately apply his circumstances to its decision to deny him parole. In other words, the petitioner asserts that in assessing his eligibility for parole, the Commission came to the wrong conclusion when it decided to deny the petitioner parole. As noted by the respondent, absent some type of alleged constitutional violation or other defect in the proceedings, this Court does not have the authority to grant the petitioner the relief he seeks.

Moreover, this Court is not inclined to stay this case indefinitely to await a ruling in another case that may or may not affect the disposition of this case. In case number 1:07cv109, the petitioner seeks credit for time spent in state custody. While the granting of such credit may have impact on the petitioner's parole eligibility dates, the undersigned fails to see how it would have an impact on this case. If the petitioner is granted additional credit on his federal sentence, he may be entitled to new parole consideration. Such consideration has no impact on the decision referenced in this case. In fact, new parole consideration would likely moot the instant case.

Accordingly, for the reasons set forth herein, it is recommended that the petitioner's § 2241 petition (dckt. 1), and motion for writ of assistance (dckt. 2), be **DENIED** and this case be **DISMISSED with prejudice**. Furthermore, the undersigned also recommends that the petitioner's motion for enlargement of time to file an amended petition (dckt. 20) be **DENIED**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: February 29, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE